T.C. Memo. 1998-345

UNITED STATES TAX COURT

LUDIVINA MADRIGAL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12505-97.                    Filed September 29, 1998.

Ludivina Madrigal, pro se.

<u>T. Richard Sealy III</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to section 7443A of the Code and Rules 180, 181, and 182 of the
Tax Court Rules of Practice and Procedure.  All section
references are to the Internal Revenue Code in effect for the
years in issue.

Respondent determined deficiencies in petitioner's Federal income taxes for the 1993 and 1994 tax years in the amounts of $1,511 and $2,243, respectively. The 1993 and 1994 deficiency amounts represent petitioner's earned income credit claimed on her individual income tax returns for these years. On the Income Tax Examination Changes sheet attached to the notice of deficiency mailed to petitioner for the 1993 taxable year, respondent calculated a deficiency in the amount of $1,511.

As the result of a typographical error, the deficiency amount shown on the 1993 notice of deficiency was transposed to indicate a deficiency amount of $1,151. The amount of the deficiency in controversy for 1993 which petitioner disputes is $1,511 as set forth in the petition. Respondent admits this in the Answer.

The issues for decision are: (1) Whether petitioner is entitled to claim head of household filing status for 1993 and 1994; and (2) whether petitioner is entitled to an earned income credit for the 1993 and 1994 tax years.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Alice, Texas. Neither petitioner nor her husband, Victor Madrigal, is fluent in English, and their testimony was given through an interpreter.

Petitioner was married to Victor Madrigal (Mr. Madrigal) in Mexico in 1969. Petitioner and Mr. Madrigal came to the United States in 1979 and settled in Alice, Texas. Petitioner and Mr. Madrigal rented a house in Alice, and Mr. Madrigal began working in construction. Petitioner and Mr. Madrigal have six children.

Petitioner and Mr. Madrigal bought a four-bedroom house on Beckham Street in Alice in 1982. In 1989, petitioner and Mr. Madrigal experienced marital difficulties, and Mr. Madrigal left the house on Beckham Street for a time. Mr. Madrigal left Alice at different times to work in Corpus Christi, Houston, and Chicago.

Only four of petitioner's children lived with petitioner during the 1993 and 1994 tax years. Petitioner worked as a home provider in 1993 and 1994. As a home provider, petitioner worked with senior citizens in their homes.

When Mr. Madrigal was working he provided support for the children. Additionally, petitioner received food stamps for 1993 and 1994. Petitioner could not recall the amount of support Mr. Madrigal provided or the amount of food stamps she received for the years in issue.

Petitioner permitted Mr. Madrigal to claim one of the children, Victor, Jr., as a dependent for the 1993 tax year on his individual income tax return because Mr. Madrigal was giving

her some money. Mr. Madrigal used the Beckham street address on his 1993 and 1994 Federal income tax returns.

Petitioner used head of household filing status on her Federal income tax returns for the 1993 and 1994 tax years. Respondent determined that petitioner's proper filing status for 1993 and 1994 was married filing separate because petitioner did not satisfy the statutory requirements necessary for a married taxpayer to file as head of household. Respondent adjusted petitioner's standard deduction because of the change in petitioner's filing status. Respondent further disallowed petitioner's earned income credit for the 1993 and 1994 tax years because petitioner was married and did not file a joint return.

1. Head of Household Filing Status

In order to file a return as head of household, a taxpayer may not be married at the close of the taxable year. Sec. 2(b). However, a married taxpayer may be treated as an unmarried taxpayer for head of household filing purposes if the taxpayer complies with the statutory requirements of section 7703(b). Sec. 2(c).

Section 7703(b) provides that certain married taxpayers living apart will not be considered as married for head of household filing purposes if: (1) The taxpayer files a separate tax return; (2) the household is for more than one half of the taxable year the principal place of abode of the taxpayer's child

for whom the taxpayer would be entitled to claim a dependency exemption; (3) the taxpayer pays more than half the cost of maintaining such household for the tax year; and (4) the taxpayer's spouse is not a member of the household during the last 6 months of the tax year.

Petitioner contends that she is entitled to head of household filing status because Mr. Madrigal did not live with her for the 1993 and 1994 tax years and because petitioner provided more than half the cost of maintaining her household for the years in issue.

Both petitioner and Mr. Madrigal testified that Mr. Madrigal did not live with petitioner for any part of the 1993 and 1994 tax years. Mr. Madrigal produced a lease and testified that he lived with his aunt, Emma Torres, for the years in issue and paid his aunt $200 a month for room and board at her house on Seabreeze Street during 1993 and 1994. However, apart from his testimony, Mr. Madrigal was unable to present any evidence that he actually paid any rent to his aunt or lived in the Seabreeze Street house.

At times, petitioner's testimony conflicted with the testimony of Mr. Madrigal, and Mr. Madrigal's testimony conflicted with the information on his 1993 and 1994 Federal income tax returns; namely, the returns stated his address as 316 Beckham Street. While petitioner testified that Mr. Madrigal

lived at the Seabreeze Street house, she testified that Mr. Madrigal had difficulty paying rent of even $200 a month and was frequently without work.

Mr. Madrigal testified that he paid his aunt $200 every month in cash for room and board even though he reported a yearly income of only $1,800 on his 1994 Federal income tax return. Further, Mr. Madrigal testified that his 1994 Federal income tax return was inaccurate and that he earned more than $5,000 for the 1994 tax year. Mr. Madrigal did not have receipts for the rent he paid.

We find the testimony in this case to be confusing at best. Furthermore, we do not find the lease to be credible evidence that Mr. Madrigal lived with his aunt at the house on Seabreeze Street. Neither petitioner nor Mr. Madrigal could remember who prepared the lease, and both gave conflicting testimony as to rent amounts actually paid. Absent proof that she and Mr. Madrigal lived apart for the last 6 months of either tax year, petitioner is unable to show her entitlement to claim head of household status for filing purposes.

Additionally, petitioner has not shown that she provided more than half the cost of maintaining her household for the 1993 and 1994 tax years as required by section 7703(b)(2). Petitioner received food stamps for the 1993 and 1994 tax years. Mr. Madrigal also provided support for the children when he was

working. Though petitioner testified that she did not know the amount of monetary support provided by Mr. Madrigal, petitioner allowed Mr. Madrigal to claim one of the children, Victor, Jr., as a dependent for the 1993 tax year because of the support he was providing.

Based on the record, we hold that petitioner was not entitled to file as head of household for the 1993 and 1994 tax years and that her correct filing status for the years in issue is married filing separate. Respondent is sustained on this issue.

2. <u>Earned Income Credit</u>

Section 32 provides an earned income credit for certain "eligible individuals". Section 32(d) provides, however, that a married individual, within the meaning of section 7703, is only eligible for the earned income credit if a joint return is filed for the taxable year.

Petitioner, a married individual within the meaning of section 7703, did not file a joint return for either of the 1993 and 1994 tax years. Based on the record, we hold that petitioner is not entitled to an earned income credit for the 1993 and 1994 tax year. Respondent is sustained on this issue.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.